### RUBY S. S. CORPORATION, Limited, v. JOHNSON & HIGGINS.

(District Court, S. D. New York.   March 10, 1926.)

Insurance ⬥⟿103—Marine insurance broker, required by English law to pay full premium, held justified in surrendering policies for cancellation on insured's failure to pay installments.

Marine insurance broker, who had assumed liability to pay full premium advanced by English broker as required by English law, on issuance of policy, on failure of insured to pay quarterly installments, was justified in surrendering policies for cancellation, and insured is not entitled to recover for breach of contract, or for conversion of policies.

At Law.   Action by the Ruby Steamship Corporation, Limited, against Johnson & Higgins.   On motion to set aside a directed verdict for defendant.   Motion denied.

Lampke & Stein, of New York City, for plaintiff.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for defendants.

THACHER, District Judge.   The motion to set aside the verdict directed at the trial is denied.   It was held in the House of Lords (Xenos v. Wickham, L. R. 2 H. L. 296) that a marine insurance broker is without authority to cancel policies of insurance procured by him for his principal. That case did not involve the rights of the broker arising from the breach of the principal's agreement to pay the broker the premiums for which the broker became liable in procuring the insurance.   Pursuant to the English practice, the premium is payable in full upon the issuance of the policy, and the English broker is liable for this payment.   The defendant in this case, in procuring the insurance through an English broker, became responsible to him for the payment of premiums upon the faith and in consideration of the plaintiff's promise to pay the premiums in quarterly installments.

After ample notice that prompt payment of the quarterly payment due in November would be insisted upon, and that the policies would be canceled if payment was not made on time, the plaintiff breached its contract by failing to pay, as it had agreed to do.   Upon such breach, the defendant was relieved from further performance, and, the insurance having been procured upon the defendant's assumption of liability for premiums for the entire term of the insurance, the defendant was entitled to be relieved of such liability in so far as future insurance was concerned.   With respect to the payment of premiums, the parties were dealing as principals, and upon the plaintiff's material breach of its agreement the defendant was entitled to rescind.   So far as it was within the power of the defendant to relieve itself from liability for future insurance, it could act without the aid of a court.   Having the policies in its possession, and these policies being issued in the name of the English broker and indorsed in blank, the defendant was entitled to surrender them for cancellation, since this was the only means by which it could be relieved of the payment of premiums upon future insurance.

The defendant's right of cancellation in this case does not rest upon its original authority, but is incident to the exercise of the right to be relieved of a liability assumed upon the faith and in consideration of the plaintiff's promise, which has been broken. The plaintiff is in no position to complain of the defendant's refusal to carry the insurance at its own cost, and without payment by the plaintiff as provided in the agreement between the parties.

Accordingly the plaintiff has no cause of action, either for breach of contract or for conversion of the policies.